Mary Agnes MARTINEZ,
Plaintiff–Appellee,

v.

NEW MEXICO DEPARTMENT OF PUBLIC SAFETY; Perry Boyd, New Mexico State Police Officer, Defendants–Appellants.

No. 01–2156.

United States Court of Appeals, Tenth Circuit.

July 29, 2002.

Before HENRY and HOLLOWAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

**ORDER AND JUDGMENT\***

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants, New Mexico Department of Public Safety and State Trooper Perry

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Boyd, appeal[1] from an order of the district court denying their motion for summary judgment in this case brought pursuant to 42 U.S.C. § 1983. Because Defendant State Trooper Boyd's conduct, viewed in the light most favorable to the plaintiff, lay clearly at the core of the Fourth Amendment's prohibition against the use of excessive force, we affirm.

## I.

■ This court initially questioned whether we have jurisdiction over this appeal. The parties have briefed this issue. We conclude that we do have jurisdiction to hear this appeal. *See Foote v. Spiegel,* 118 F.3d 1416, 1422 (10th Cir.1997) ("A determination that under either party's version of the facts the defendant violated clearly established law is . . . immediately appealable").

## II.

Plaintiff commenced this action after she was arrested by Trooper Boyd following a traffic stop for speeding. She raised five claims, three under § 1983:(1) excessive use of force; (2) charging crimes without probable cause, and (3) arrest without probable cause; and two under state law: (1) battery and (2) malicious abuse of process. The district court granted defendants' motions for summary judgment on her claims of charging without probable cause, arrest without probable cause, and malicious abuse of process. The court denied summary judgment on the remaining claims. Consistent with that ruling, the court denied qualified immunity to Trooper Boyd on the excessive use of force claim.

Defendants appeal the court's denial of qualified immunity to Trooper Boyd and assert that this court has pendent jurisdiction to determine whether the district court correctly denied summary judgment on plaintiff's claim of battery. Because we affirm the district court's ruling on qualified immunity, we decline to exercise jurisdiction over the state law battery claim.

## III.

The facts viewed in the light most favorable to plaintiff, *see Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), show that she was stopped by Trooper Boyd for driving ten miles over the speed limit on I-25 between Albuquerque and Santa Fe. Trooper Boyd was in full uniform at the time and was driving a standard police cruiser.[2] Plaintiff presented a defaced license. She told Trooper Boyd that the children at her school were responsible for the tampering. Trooper Boyd was advised by dispatch that an arrest warrant for failure to appear was extant for a "Mary Martinez" with the same date of birth as plaintiff's. Trooper Boyd then informed plaintiff of the warrant and told her to accompany him to his car. Plaintiff's car was still running. She stated she took her foot off the brake, at which time the car "settled," causing it to move forward. Trooper Boyd believed she was trying to drive away and reached in to turn off the ignition.

---

**1.** Defendants ask this court to grant them summary judgment pursuant to Fed.R.Civ.P. 56. The Federal Rules of Civil Procedure apply only to cases before the district courts, not the appellate courts. *See* Fed.R.Civ.P. 1. This court does not grant or deny summary judgment, but rather examines the correctness of the district court's ruling on such a motion, affirming or reversing the district court's order as warranted.

**2.** Plaintiff originally asserted Trooper Boyd was not in uniform and was not in a police cruiser. She later admitted he was in uniform, but maintained she was not sure his car was an official police cruiser.

Trooper Boyd ordered her out of the car, but she refused, asking to see his identification. Trooper Boyd refused to present his identification, which was located in his cruiser, as he believed plaintiff was a flight risk and he did not want to leave her in the car. Plaintiff then got out of the car and accompanied him back to his cruiser. Trooper Boyd placed her under arrest and handcuffed her. He told her to get into the back of the cruiser, which she refused to do because she still wanted to see his identification. The parties agree that plaintiff's refusal was entirely verbal and involved no physical use of force.

Trooper Boyd stated that he then decided not to physically force her into the car because plaintiff is a middle-aged woman weighing 280 pounds and he was worried she might fall and hurt herself. He told her he was going to have to "mace" her if she didn't get in the back of the car. She refused and continued to ask to see his identification. Trooper Boyd did not show her his identification, but rather "maced" her, after which she got into the cruiser without further protest. Trooper Boyd then waited fifteen minutes for another trooper to arrive to guard her car until a tow truck could arrive to tow it.

## IV.

"We review the district court's resolution of qualified immunity issues on summary judgment de novo." *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir.2002). The threshold question we must address is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier*, 533 U.S. at 201. If the facts show that the officer's conduct did violate a constitutional right,

then we must "ask whether the right was clearly established." *Id.*

The general proposition "that use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness" is clearly established. *Id.* at 201–02. "It is also clearly established that police use of less than deadly force in seizing and detaining a person … must be justified under all of the circumstances." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1196 (10th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1914, 152 L.Ed.2d 824 (2002). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (quotation omitted).

We examine the case before us from an "on-scene perspective" remembering that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Saucier*, 533 U.S. at 205 (quotation omitted). In making this analysis, we pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quotation omitted).

## A.

■ The crimes at issue here are of minor severity. Plaintiff was arrested because there was an outstanding misdemeanor arrest warrant for failure to appear. She was also charged with resisting arrest and altering her driver's license.[3]

---

3. The charges were all later dismissed.

This factor strongly weighs in favor of plaintiff.

The second factor also weighs in plaintiff's favor. At the time Trooper Boyd maced plaintiff, she was handcuffed and standing beside his cruiser. He admitted he had no fear for his own safety at that time. Aplt.App. at 63:49.

Similarly, there is no indication plaintiff actively resisted or attempted to flee. Plaintiff admitted she was resisting getting into the cruiser because she wanted to see Trooper Boyd's identification to ensure that he was actually a state trooper. She was not actively resisting arrest or attempting to evade arrest by flight. She was not physically aggressive. Thus, no "stressful and dangerous condition[ ]" existed and Trooper Boyd was not forced into a position where he had to make a "split-second judgment" of how to deal with the situation. See Holland, 268 F.3d at 1188 (quotation omitted).

At the time she was maced, plaintiff clearly posed no threat to Trooper Boyd and was no risk of flight. Considering all of the factors, the facts, viewed in the light most favorable to plaintiff, plainly show that the force used by Trooper Boyd after effecting plaintiff's arrest was unnecessary and disproportionate. Accordingly, under the first prong of the Saucier test, plaintiff has made a showing of excessive force in violation of the Fourth Amendment.

B.

█ Having determined that a Fourth Amendment violation occurred, we next examine whether the law was clearly established that the use of mace was unlawful in this situation. "For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must be as plaintiff maintains." Farmer, 288 F.3d at 1259 (quotation omitted). In other words, "[t]he contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness must be apparent." Id. (quotation omitted). "[Q]ualified immunity can apply in the event the mistaken belief was reasonable." Holland, 268 F.3d at 1196 (quotation omitted). "If the officer's mistake as to what the law requires is reasonable ... the officer is entitled to the immunity defense." Id. (quotation omitted). "A mistake of law may be reasonable where the circumstances disclose substantial grounds for the officer to have concluded he had legitimate justification under the law for acting as he did." Id. (quotation omitted).

As defendants note, no factually similar case had already decided that what Trooper Boyd did was unlawful. Therefore, plaintiff must show that Trooper Boyd's actions fit within the "narrow exception" which permits parties to show "the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." See Lee v. Ferraro, 284 F.3d 1188, 1199 (11th Cir.2002) (quotation omitted); cf. Hope v. Pelzer, —— U.S. ——, ——, 122 S.Ct. 2508, 2516, 153 L.Ed.2d 666 (2002) (official will be on notice that conduct violates established law if current state of the law gives "fair warning" that conduct would deprive his victim of a constitutional right; factually similar prior case is not required). To fit within this exception, the plaintiff must establish that "the grossly disproportionate force used ... was clearly established

as a constitutional violation because no reasonable officer could have believed that [Trooper Boyd]'s actions were legal." *Lee*, 284 F.3d at 1199.

We agree with the district court, that Trooper Boyd's actions in this case meet this standard. Plaintiff was under arrest, was handcuffed, and was standing beside the police cruiser. She was refusing to enter the cruiser because she wanted to see his identification. Trooper Boyd could have defused the situation by showing her the identification or by waiting for additional back-up to help persuade plaintiff to get into the cruiser. The fact that the use of mace in this situation was excessive would have been clear to a reasonable officer. *Cf. LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir.2000) (it would be clear to reasonable officer that use of pepper spray was excessive where arrestee was under control, had surrendered, and was rendered helpless).

### V.

Viewed in the light most favorable to the plaintiff, we conclude that there are genuine issues of material fact precluding a judicial determination of whether Trooper Boyd's conduct was objectively reasonable. At trial, additional facts may come to light showing that Trooper Boyd's conduct was reasonable or the jury may disbelieve plaintiff's presentation of the facts. We do not hold that Trooper Boyd unequivocally violated the Fourth Amendment, merely that he is not entitled to qualified immunity on this claim.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED and the case is REMANDED for further proceedings.